UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:  
Della Chubb,  
    Debtor.  
_____/

Chapter 13  
Case No. 09-60618  
Hon. Phillip J. Shefferly

**OPINION (1) DENYING TRUSTEE'S OBJECTION TO THE
ALLOWANCE OF CONSUMERS ENERGY COMPANY'S PROOF OF CLAIM;
AND (2) STRIKING CONSUMERS ENERGY COMPANY'S PROOF OF CLAIM AND
RESTRICTING PUBLIC ACCESS UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9037**

This matter is before the Court on the Chapter 13 Trustee's objection to proof of claim number 10-1 filed by Consumers Energy Company ("Consumers"). The Court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). For the reasons set forth in this opinion, the Court denies the Trustee's objection to the allowance of proof of claim number 10-1, but does hold that proof of claim number 10-1 must be stricken and restricted from public view without prejudice to Consumers' right to file an amended proof of claim that complies with Fed. R. Bankr. P. 9037.

On June 30, 2009, the Debtor filed this Chapter 13 case. On September 13, 2009, Consumers filed proof of claim number 10-1 in the amount of $523.61. In support of its proof of claim, Consumers attached a copy of a statement of account and a copy of a bill for service. Both of these documents contain the Debtor's name, billing address, service address and a twelve-digit "account number" identifying the Debtor's account with Consumers.

On October 5, 2009, the Chapter 13 Trustee filed an objection to Consumers' proof of claim. The objection requests that the Court disallow the claim and also requests that the Court prohibit

access to the proof of claim. The Trustee's objection raises three arguments. First, the Trustee alleges that the proof of claim contains "personally identifiable information" within the meaning of § 101(41A) of the Bankruptcy Code. Second, the Trustee alleges that the proof of claim violates the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801(a). Third, the Trustee alleges that the proof of claim violates Fed. R. Bankr. P. 9037(a).

Consumers filed an answer to the Trustee's objection. First, Consumers argues that the term "personally identifiable information" used in § 101(41A) of the Bankruptcy Code does not apply to Consumers' proof of claim because that definition expressly applies only to information "provided by an individual to the debtor in connection with obtaining a product or service from the debtor . . . ." Second, Consumers argues that the Gramm-Leach-Bliley Act does not apply to Consumers' proof of claim because that Act expressly applies only to a "financial institution," and Consumers states that it is not a financial institution. Finally, Consumers argues that the twelve-digit account number contained in its proof of claim does not violate Fed. R. Bankr. P. 9037(a) because that rule requires redaction only with respect to the digits of a "financial-account number." Consumers states that the account number for the Debtor on its proof of claim is not a financial-account number and, therefore, Consumers is not required to redact all but the last four digits of the Debtor's account number.

On January 12, 2010, the Court held a hearing on the Trustee's objection to Consumers' proof of claim. At the conclusion of the hearing, the Court took the matter under advisement.

The Court agrees with Consumers that § 101(41A) does not provide a basis to grant any relief to the Trustee regarding Consumers' proof of claim. Section 101(41A) of the Bankruptcy Code defines "personally identifiable information" as information "provided by an individual to the debtor in connection with obtaining a product or service from the debtor. . . ." The twelve-digit

account number set forth on Consumers' proof of claim filed in this case is not information provided by an individual *to* the Debtor in connection with obtaining a product or service *from* the Debtor. Rather, the twelve-digit account number pertains to an account regarding a product or service obtained *by* the Debtor, not a product or service obtained *from* the Debtor. Therefore, the Trustee's request for relief based upon § 101(41A) is misplaced, and the Court denies that part of the Trustee's objection.

The Gramm-Leach-Bliley Act provides, in pertinent part, that "[i]t is the policy of Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a). The Trustee does not explain why the Court should consider Consumers a "financial institution" governed by the Gramm-Leach-Bliley Act. The Gramm-Leach-Bliley Act defines a "financial institution" in 15 U.S.C. § 6809(3)(a) by reference to 12 U.S.C. § 1843(k), which applies to bank holding companies. There is no evidence in the record to indicate that Consumers is a financial institution within that definition. Further, even if the Gramm-Leach-Bliley Act applies to Consumers, there is no private right of action created by Congress under the Gramm-Leach-Bliley Act. See Lentz v. Bureau of Medical Economics (In re Lentz), 405 B.R. 893, 899 (Bankr. N.D. Ohio 2009); French v. American General Financial Services (In re French), 401 B.R. 295, 310 (Bankr. E.D. Tenn. 2009). Therefore, to the extent that the Trustee's objection seeks relief based upon the Gramm-Leach-Bliley Act, it is denied.

The final basis for the Trustee's objection is Fed. R. Bankr. P. 9037. That rule is entitled Privacy Protection For Filings Made With the Court. Fed. R. Bankr. P. 9037(a) requires redaction of certain information from any electronic or paper filing made with the Court. It reads as follows:

    a)    **Redacted Filings.** Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's

> social-security number, taxpayer-identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.

The Trustee asserts that Consumers' proof of claim violates Fed. R. Bankr. P. 9037(a) because it contains all twelve digits of the Debtor's account number with Consumers. According to the Trustee, Fed. R. Bankr. P. 9037(a)(4) requires Consumers to redact all but the last four digits of the account number in the attachment to Consumers' proof of claim. Consumers argues that the twelve-digit account number set forth on its statement of account and on its billing is not a "financial-account number" as that term is used in Fed. R. Bankr. P. 9037(a)(4). Consumers concedes that there is no definition of "financial-account number" within the rule. But even without a definition of that term, Consumers urges the Court to hold that its account number set forth on its statement of account and the billing to the Debtor is not a "financial-account number" for three reasons. First, Consumers argues that it is not a financial institution and therefore the account number is not a "financial-account number." Second, Consumers argues that "[d]isclosure of a utility account number in the proof of claim does not create a risk of identity theft as such information is of no use to the one stealing it." Finally, Consumers argues that it has always been Consumers' practice to attach a copy of a debtor's final pre-petition bill to its proof of claim and that it would be burdensome to now have to redact all but the last four digits of a debtor's account number on such attachment.

-4-

09-60618-pjs    Doc 39    Filed 03/15/10    Entered 03/15/10 12:00:06    Page 4 of 7

Fed. R. Bankr. P. 9037 became effective December 1, 2007. The Advisory Committee Note to the rule explains that it was enacted as part of a review of various federal rules of procedure, in order "to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically." On its face, Fed. R. Bankr. P. 9037(a) applies to any party or non-party making a filing with the bankruptcy court. It is not limited to any particular class of filers, such as financial institutions. Although the Bankruptcy Code defines a "financial institution" in § 101(22) of the Bankruptcy Code, the restrictions of Fed. R. Bankr. P. 9037(a) are not limited to filings by a financial institution, but extend to any party or non-party making a filing. There are exceptions to the redaction requirement of Fed. R. Bankr. P. 9037(a) set forth in Fed. R. Bankr. P. 9037(b), but none of them apply to Consumers, or to the proof of claim that it filed in this case.

Given the stated purpose of the rule to protect privacy and prevent the misuse of personal information, the Court construes Fed. R. Bankr. P. 9037 broadly rather than narrowly. The twelve-digit account number set forth both on the statement of account and the billing attached to Consumers' proof of claim in this case clearly and obviously relates to the Debtor's finances by identifying a debt owed by the Debtor to Consumers. That is enough to bring it within the rule, without any showing that the information in question could effectively be used to steal one's identity or be misused for some other purpose. Moreover, the official proof of claim form expressly instructs a creditor to include only the "[l]ast four digits of *any number* by which creditor *identifies* debtor[.]" Official Bankruptcy Form 10 (emphasis added). See also Official Bankruptcy Form 10 2005-2007 Committee Note (explaining that "[t]he request to state the *account number* by which the creditor identifies the debtor" in the Form "has been revised to request only the last four digits of *the number*,

in conformity with Rule 9037") (emphasis added). Consumers' account number is without question a "number" used to "identif[y]" the Debtor. The rule therefore requires that it be redacted.

The Court appreciates Consumers' assertion that redaction of the account number may place a burden on it. The same is true with respect to any creditor that files a high volume of proofs of claims. However, the fact that Consumers files a high volume of proofs of claims does not excuse it from the requirements of Fed. R. Bankr. P. 9037(a). Nor does the fact that Consumers historically has not redacted such information on proofs of claims excuse Consumers from compliance with Fed. R. Bankr. P. 9037, which only became effective December 1, 2007.

The Court holds that Consumers' account number for the Debtor is a "financial-account number." Therefore, all but the last four digits must be redacted under Fed. R. Bankr. P. 9037(a)(4). Because Consumers' proof of claim lists all twelve digits of the Debtor's account number, it violates Fed. R. Bankr. P. 9037(a)(4).

Having determined that Consumers' proof of claim violates Fed. R. Bankr. P. 9037(a)(4), the Court next considers the appropriate remedy. The Trustee requests two forms of relief: that the Court disallow Consumers' proof of claim, and that the Court prohibit access to Consumers' proof of claim. Section 502 of the Bankruptcy Code governs allowance of claims. Section 502(b) sets forth nine separate grounds for disallowance of claims. Violation of Fed. R. Bankr. P. 9037 is not among those nine reasons. The Trustee has not cited any authority in support of his request for the disallowance of Consumers' proof of claim. However, there are a number of courts that have held that violation of Fed. R. Bankr. P. 9037(a) is not a basis to disallow a claim. See In re French, 401 B.R. at 307; In re Lentz, 405 B.R. at 898. The Court holds that Consumers' failure to comply with Fed. R. Bankr. P. 9037(a)(4) does not support the Trustee's request that the Court disallow

Consumers' proof of claim under § 502 of the Bankruptcy Code. To the extent that the Trustee's objection requests such relief, it is denied.

The Trustee's other request for relief is to have the Court prohibit access to Consumers' proof of claim. The Court considers this to be the proper remedy for the violation of Fed. R. Bankr. P. 9037(a). See Carter v. Flagler Hosp., Inc. (In re Carter), 411 B.R. 730, 737 (Bankr. M..D. Fla. 2009) (citation omitted); In re French, 401 B.R. at 307-08. Striking the proof of claim and prohibiting access to it is consistent with the stated purpose of Fed. R. Bankr. P. 9037 to protect privacy by preventing access to certain personal information. Therefore, the Court will enter a separate order striking Consumers' proof of claim number 10-1, restricting it from public view, but without prejudice to the right of Consumers to file an amended proof of claim that complies with Fed. R. Bankr. P. 9037.

**For publication**

**Signed on March 15, 2010**

                                         **/s/ Phillip J. Shefferly**
                                         **Phillip J. Shefferly**
                                         **United States Bankruptcy Judge**